# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (together with all exhibits, hereto, the "Settlement Agreement"), is by and between MatlinPatterson Global Advisers, LLC, MatlinPatterson PE Holdings, LLC, MatlinPatterson Global Partners II, LLC, and MatlinPatterson Global Opportunities Partners II, LP (collectively, "Defendants"), on the one hand, and Plaintiffs, Monte J. Woolery, Tysha Marie Smith, Jacque S. Wood, Kurt Glen, Craig L. Moore, Wayne E. Brown, Shawn A. Mixon, Stephen R. Porter, Stephanie Linn Seawall, Roxanna Kipp, Javier Enriquez, Ivette Riojas, Rick Ostdiek, Laverne D. Loeffelholz, Simona Vaipan, Matt Wilson, Roxana Najera, Sara Villanueva, and Linda Jarvis, (the "Class Representatives"), individually and as class representatives for all similarly situated individuals (collectively, "Plaintiffs"), on the other hand. This Settlement Agreement memorializes the agreement of the parties hereto to fully, finally, and forever resolve, discharge, and settle certain claims, subject to the terms and conditions hereof.

## RECITALS

WHEREAS, Premium Protein Products, LLC, a meat-packing business that owned and operated two plants in Hastings and Lincoln, Nebraska (the "Premium Plants"), and its former parent company, PPP Holdings, LLC (collectively, "Premium"), during pertinent times hereto, together employed over 350 people.

WHEREAS, Class Representatives allege that some or all of the Defendants operated as a "single employer" with Premium and were directly responsible for Premium's business decisions.

WHEREAS, Defendants deny that they operated as a "single employer" with Premium and/or were directly responsible for Premium's business decisions.

WHEREAS, Class Representatives contend that on or about June 10, 2009, the Premium Plants were closed and the employees (including Plaintiffs) were furloughed as a result, without having been given 60-days notice of said furlough under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. ("WARN Act").

WHEREAS, on November 10, 2009, Premium filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Nebraska, Docket Nos. 09-43291 and 09-4392 (the "Premium Bankruptcy"), and

1

Class Representatives contend that as a result thereof, Plaintiffs' employment was terminated permanently, again without having been given 60-days notice of said permanent termination under the WARN Act.

WHEREAS, the class whom the Class Representatives seek to represent includes themselves and all of those employees who were employed by Premium (in facilities with greater than 50 employees), and who would constitute "affected employees" under the WARN Act on the grounds that they suffered "employment losses" as a direct and proximate result of the furloughs, permanent plant closings and/or mass layoffs on June 10, 2009 and/or November 10, 2009, and who did not receive notice under the WARN Act, (the "WARN Class"). All members of the WARN Class who have not timely become an Opt Out pursuant to the terms of the Settlement Agreement shall be referred to as the "WARN Class Members".

WHEREAS, in the Premium Bankruptcy, several former employees, Erin McDermott, Ms. Jarvis, and Ms. Villanueva, commenced an adversary action (and filed a proof of claim seeking class status) against Premium, which adversary action was dismissed voluntarily.

WHEREAS, Premium was discharged in the Premium Bankruptcy and the Premium Bankruptcy was closed after Premium sold its assets at auction, without making any payment to the Class Representatives or any of Premium's former employees on their WARN Act "class action proof of claims."

WHEREAS, on September 23, 2011, Ms. Jarvis and Ms. Villanueva filed a Complaint in the Federal District Court for the District of Delaware (the "Court"), captioned as *Jarvis, et al. v. MatlinPatterson Global Advisers, LLC,* Civil Action No. 1:11-cv-00864-LPS. The Court dismissed that complaint on *res judicata* grounds. Ms. Jarvis and Ms. Villanueva appealed to the Third Circuit and their appeal is still pending (the "First Action").

WHEREAS, Class Representatives filed a second Complaint against some of the Defendants on June 8, 2012, and a First Amended Complaint against all of the Defendants on August 15, 2012 (the "Second Action"). The First Action and the Second Action shall hereinafter be referred to collectively as "the Litigation". Defendants filed a Motion to Dismiss the First Amended Complaint, which the Court denied in part and granted in part on April 23, 2013.

WHEREAS, after weighing the uncertainty related to establishing the claims that are or could be made in the Litigation, overcoming the defenses available to Defendants, and achieving recovery for all potential WARN Class Members, as

well as the inherent risks, costs, and delays of litigation, the Class Representatives, by and through Class Counsel, have concluded that this Settlement Agreement represents a fair, adequate, and reasonable resolution to these matters.

WHEREAS, Class Counsel believes that it has conducted and continues to conduct a thorough investigation and evaluation of the facts and law relating to the matters set forth in the Litigation. Based on that, Class Counsel believes that it is in a position to fashion appropriate class relief by settlement with Defendants.

WHEREAS, the parties wish to memorialize the complete and full terms of a settlement of the Litigation. The parties propose to settle the claims in accordance with the terms, provisions and conditions of this Settlement Agreement, which Class Counsel believes are fair, reasonable and adequate, and beneficial to and in the best interests of all potential WARN Class Members.

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement, Defendants and the Class Representatives, on their own behalf and on behalf of the WARN Class Members (collectively, the "Settling Parties") hereby agree as follows:

## DEFINITIONS

In addition to the terms already defined in the Introduction and Recitals above, the following terms have the meanings specified below, as used in all parts of this Settlement Agreement.

1.     "Class Counsel" means Klehr Harrison Harvey Branzburg L.L.P.

2.     "Class Notice" means the Notice, to be approved by the Court, substantially in the form attached hereto as Exhibit 1, which shall provide all potential WARN Class Members with notice of the terms of this Settlement Agreement, the procedures and dates for filing objections, the date of the Settlement Hearing, and the procedure for becoming an Opt-Out.

3.     "Class Releasing Parties" and "Class Released Parties" both mean the Class Representatives and all WARN Class Members, together with their agents, representatives, attorneys, heirs, spouses, executors, administrators, successors, and assigns, and anyone claiming through them or to be acting on their behalf.

4.     "Class Representatives" shall have the meaning ascribed to it in the Introduction.

5.     "Common Fund" means the gross amount of consideration ultimately paid by Defendants as set forth in paragraph 22.

6.     "Defendant Released Parties" and "Defendant Releasing Parties" both mean Defendants, as well as their current, future and former parents, subsidiaries and/or affiliated companies and their current, future and former shareholders, officers, directors, predecessors, trustees, advisors, consultants, partners, administrators, employees, agents, insurers, representatives, and attorneys of all of the foregoing and their respective heirs, executors, administrators, successors, and assigns, in any and all capacities, and any entity owned by, related to, or affiliated with any of the above.

7.     "Effective Date" means the first day on which all of the following events have occurred: (a) all Settling Parties have executed this Settlement Agreement; (b) the Court has preliminarily approved the settlement; (c) the Court has entered an Order of Final Approval and Judgment dismissing the Second Action with prejudice; (d) the Order of Final Approval and Judgment has become a Final Order; (e) the Final Order in the First Action has been entered; and (f) the failure of any party to exercise the Termination Right.

8.     "Fairness Hearing" means a hearing set by the Court for the purposes of: (i) reviewing and approving the fairness, adequacy, and reasonableness of this Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Judgment.

9.     "Final Order" means when: (i) the Order of Final Approval and the Judgment with prejudice is entered in the Second Action; and (ii) the time for the filing of any appeals has expired or, if there are appeals, approval of this Settlement Agreement and the Judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such orders are no longer subject to further appeal or review.

10.     "Final Order in the First Action" means the Order dismissing the First Action with Prejudice.

11.     "Judgment" means the judgment to be rendered by the Court approving this Settlement Agreement in final form, substantially in the form attached hereto as Exhibit 4.

12.     "Litigation" shall have the meaning ascribed to it in the Recitals.

4

13. "Order of Final Approval" means a decision from the Court granting final approval of this Settlement Agreement and dismissing the Second Action with prejudice, substantially in the form attached hereto as Exhibit 3.

14. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

15. "Preliminary Approval Order" means an order or orders of the Court, substantially in the form attached hereto as Exhibit 2, that shall, among other things:

(a) approve this Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to completion of the class action settlement approval process;

(b) approve a final approval hearing notice pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to the WARN Class advising the potential WARN Class Members of the proposed settlement and Fairness Hearing;

(c) certify the WARN Class, for settlement purposes only, and appoint Class Counsel as counsel for the Class Representatives and the WARN Class;[1]

(d) appoint each Class Representative as adequate representatives for the WARN Class for purposes of entering into and implementing this Settlement Agreement;

(e) find that the likelihood of final class action approval of this Settlement Agreement is sufficient to warrant the sending of the Class Notice to the WARN Class;

(f) approve the form and methodology of the Class Notice as reasonably and probably calculated, under all of the circumstances, to apprise the WARN Class of this Settlement Agreement, their rights, among other things, to become an Opt-Out and exclude themselves from the WARN Class Members or to object to the settlement and to

---

[1] By entering into this Settlement Agreement, Defendants do not concede that, in the event the Litigation continues and is not settled, the Class Representatives would be able to establish a right to class certification. Defendants hereby expressly preserve their right to challenge class certification in the event that the Litigation continues and is not settled.

attend the Settlement Hearing, as fully consistent with the requirements of due process under the United States Constitution and the Federal Rules of Civil Procedure; and

(g)     schedule a date for the Fairness Hearing for the purposes of: (i) determining the fairness, adequacy, and reasonableness of this Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

16.     "Released Claims of the Class" means any and all claims, demands, any violations of law (whether federal, state, local, statutory, foreign, common law, or any other law, rule or regulation), any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action, and liabilities of any nature whatsoever (including, without limitation, attorneys', accountants', consultants' and expert witness' fees and expenses), whether liquidated or unliquidated, fixed or contingent, accrued or un-accrued, matured or unmatured, known or unknown, suspected or unsuspected, foreseen or unforeseen, now existing or hereafter arising, in law, equity, or otherwise that have been, could have been, may be, or could be alleged or asserted by the Class Releasing Parties or any one of them, either directly or indirectly, on his or her own behalf, or on behalf of the WARN Class against the Defendant Released Parties, relating to, on the basis of, in connection with, arising out of, or related in any way to, in whole or in part: (a) the subject matter of any of the claims alleged or that could have been alleged in the Litigation; or (b) employment by Premium or the Defendants; provided that the term Released Claims of the Class shall not include: 1) benefits available under a 401k plan; or 2) any claim that cannot be waived by operation of law, including the right to file a charge or participate in an investigation by the Equal Employment Opportunity Commission or the National Labor Relations Board (however, the Class Releasing Parties waive any rights to receive any monetary relief in any such proceedings).

17.     "Released Claims of Defendants" means any and all claims, demands, any violations of law (whether federal, state, local, statutory, foreign, common law, or any other law, rule or regulation), any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action, and liabilities of any nature whatsoever (including, without limitation, attorneys', accountants', consultants' and expert witness' fees and expenses), whether liquidated or unliquidated, fixed or contingent, accrued or un-accrued, matured or unmatured, known or unknown, suspected or unsuspected, foreseen or unforeseen, now existing or hereafter arising, in law, equity, or otherwise that have been, could have

been, may be, or could be alleged or asserted by the Defendant Releasing Parties, or any one of them, either directly or indirectly, on their own behalf or on behalf of any one of them, against the Class Released Parties, relating to, on the basis of, in connection with, or arising out of, or related in any way to, in whole or in part: (a) the subject matter of any of the claims alleged or that could have been alleged in the Litigation; or (b) the Class Released Parties' employment with Premium or the Defendants.

18. "Request for the Dismissal of the First Action" means the "Joint Stipulation to Dismiss with Prejudice" or "Withdrawal of the Appeal" or a like document that shall be filed jointly by the parties, or unopposed by the defendants in the First Action, seeking the entry of a Final Order in the First Action. The Dismissal of the First Action shall be filed within five (5) days of the entry of the Final Order in the Second Action.

19. "Settlement Administrator" means one or more third party vendors that the Class Representatives or Class Counsel shall retain to administer the claims process, assist with the Class Notice, and pay all distributions and taxes required in connection with this Settlement Agreement. All fees, costs and expenses incurred by the Settlement Administrator shall be paid by Class Representatives or Class Counsel from the Common Fund.

20. "Settlement Payments" means the payments made to each WARN Class Member as derived from the formulae set forth in paragraph 24 and pursuant to paragraph 23, below.

21. "Termination Right" shall have the meaning ascribed to it in paragraph 34, below.

## TERMS AND CONDITIONS OF SETTLEMENT

22. <u>Consideration to WARN Class Members.</u>

Subject to approval of this Settlement Agreement by the Court, certification of the WARN Class by the Court, the occurrence of the Effective Date and the terms of this Settlement Agreement, the WARN Class Members shall be granted, in full and complete satisfaction of Defendants' alleged liability to the WARN Class Members, subject to the Opt-Out Adjustment, the following consideration (the "Common Fund"):

One million two hundred thousand United States dollars ($1,200,000).

23.    Deductions from the Common Fund.

Prior to distributions to the respective WARN Class Members, the amounts listed below in subparagraphs numbers 23(a) and 23(b) will be deducted from the Common Fund.   Because there may be multiple distributions, some of the deductions will be on a percentage basis of each distribution (i.e., attorney's fees) while others will be on an actual cost basis (i.e., cost of third party administration).

> (a)    Service Payments ("Service Payments") of $32,500 total to the following former employees and Class Representatives for their assistance in pursuing these claims on behalf of all former employees:
>
> Monte J. Woolery - $2,500
> Linda Jarvis - $2,500
> Sara Villanueva - $2,500
> Rick Ostdiek - $2,500
> Tysha Marie Smith - $1,500
> Jacque S. Wood - $1,500
> Kurt Glen - $1,500
> Craig L. Moore - $1,500
> Wayne E. Brown - $1,500
> Shawn A. Mixon - $1,500
> Stephen R. Porter - $1,500
> Stephanie Linn Seawall - $1,500
> Roxanna Kipp - $1,500
> Javier Enriquez - $1,500
> Ivette Riojas - $1,500
> Laverne D. Loeffelholz - $1,500
> Simona Smaranda Vaipan - $1,500
> Matt Wilson - $1,500, and
> Roxana Najera - $1,500.
>
> (b)    33 1/3 % of the Common Fund for attorney's fees and reimbursement (which reimbursement shall not exceed $50,000) for all out-of-pocket expenses and costs incurred in connection with this Settlement Agreement, including, but not limited to, the costs and fees of the Settlement Administrator in administering the Settlement.

24.    Plan of Allocation.

The Class Representatives and Class Counsel shall have the sole responsibility for the administration of the Class Notice and Settlement Payments contemplated by this Settlement Agreement for the benefit of all potential WARN Class Members, including the sole responsibility for determining the allocation of the Common Fund and for retaining, compensating and reimbursing the Settlement Administrator.  The payments shall be distributed as follows:

(a) Each WARN Class Member will be entitled to a payment derived by allocating a pro rata amount to each WARN Class Member based on the maximum amount of his or her potential claim.  The payments to the WARN Class Members shall be calculated as follows:

(i) Each WARN Class Member's "Individual WARN Claim" will be derived by calculating each WARN Class Member's daily rate, then multiplying that daily rate by 60 days.

(ii) The "Aggregate WARN Claim" will be calculated by adding all of the Individual WARN Claims together;

(iii) Each WARN Class Member's "Pro Rata Factor" will be calculated by dividing (1) each WARN Class Member's Individual WARN Claim by (2) the Aggregate WARN Claim;

(iv) The amount each WARN Class Member shall receive under this Settlement Agreement shall then be calculated by multiplying: (1) the total amount to be distributed (less that portion of settlement administration expenses, attorneys' fees, costs and Service Payments allocated to the Litigation as approved by the Court); by (2) each WARN Class Member's Pro Rata Factor.

The Settlement Administrator shall, within ten (10) business days after the Effective Date, (i) provide to the Defendants' Counsel and Class Counsel, at the addresses listed in paragraph 31 hereof, a list of each WARN Class Member and the amount each such individual will receive based upon the formulas set forth above; (ii) create a Qualified Settlement Fund, pursuant to Section 468B of the Internal Revenue Code and Treasury Regulations 1.468B-1 (the "QSF"); and (iii) provide to Defendants' Counsel, at the address listed in paragraph 31 hereof, proof

9

that the QSF has been lawfully established consistent with all governing statutes and regulations. Defendants shall, within ten (10) days of receiving such proof of the establishment of the QSF (as provided for in the preceding paragraph hereof), transfer the Common Fund to the QSF.

The Settlement Administrator shall mail via first class mail, postage prepaid, each respective Settlement Payment to each respective WARN Class Member within thirty (30) calendar days of the date on which Defendants transfer the Common Fund to the QSF.

The Settlement Administrator shall withhold any payroll tax withholdings required by federal, state or local law from the distributions to the WARN Class Members receiving payments under this Settlement Agreement and shall issue a Form W-2 reflecting such payments to each WARN Class Member and identifying the QSF and its Employer Identification Number as the employer on such W-2 Forms. The amounts withheld shall include (i) the employee portion of all applicable federal, state and local taxes and (ii) the employer portion of all applicable federal, state and local taxes, including, but not limited to, any employer obligations pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act. The Settlement Administrator shall be responsible for paying to the relevant taxing authorities all required withholdings and taxes. For purposes of calculating applicable taxes, the Parties agree that 100% of the amounts to be paid to the WARN Class Members, with the exception of the Service Payments, shall constitute wages reportable on IRS Form W-2. The Service Payments shall be characterized as non-employee compensation and shall be reported by the Settlement Administrator to the Taxing Authorities on behalf of each recipient of a Service Payment on a Form 1099 issued to the recipient with his or her taxpayer identification number.

Defendants shall have no responsibility, liability or obligation with respect to (i) the apportionment and allocation of payments among the WARN Class Members as provided for in paragraph 24 hereof;[2] (ii) any taxes owed as a result of any Settlement Payments made pursuant to this Settlement Agreement; (iii) any costs or fees incurred in connection with the creation of the QSF, or the apportionment and allocation of payments among the WARN Class Members; (iv) the attorney fees and cost reimbursements provided for in paragraph 23(b) hereof; and/or (v) any other deductions or allocations made from the Common Fund in connection with this Settlement Agreement.

---

[2] Defendants take no position regarding the formula provided for in paragraph 24(a) hereof.

25.   Class Counsel Fees.

Subject to final approval by the Court, Class Counsel shall file a petition with the Court to obtain not more than 33 ⅓ % the Common Fund (without regard to any Opt-Outs), plus out-of-pocket expenses of up to $50,000.00 (inclusive of the cost of the Settlement Administrator), as payment in full for all work completed or to be completed in connection with the Litigation.  Class Counsel shall file its fee petition along with the unopposed Motion for final approval of this Settlement Agreement.  Defendants will not oppose the fee petition or solicit others to do so.

26.   Reversion of Residual Funds

If any settlement checks mailed to the WARN Class Members have not been claimed for any reason, including settlement checks that have not been deposited, endorsed, or negotiated as of the 180th day after the Settlement Administrator mails the settlement checks to the most recent address of the WARN Class Members, such funds (the "Residual Funds") shall be disbursed first to pay any outstanding taxes or penalties owed to the applicable taxing authorities; then to any WARN Class Members who were unidentified at the time the Settlement Administrator issued the Class Notices, such claims being paid based on the formulas set forth herein; and then any balance, if over $5,000, re-distributed to the WARN Class Members on a pro-rata basis,; and, if not over $5,000, then to a charity of the Settlement Administrator's choosing.  Class Counsel and the Settlement Administrator will work cooperatively to locate updated addresses and promptly re-mail settlement checks to those WARN Class Members whose settlement checks were returned undeliverable.  Settlement checks will also be re-mailed promptly to those WARN Class Members who report that their settlement checks were lost, inadvertently destroyed or never received.  The 180th day will be calculated from the date of the most recent mailing.

27.   Releases

(a)   Release of Defendant Released Parties.  Upon the Effective Date, each and every one of the Class Releasing Parties shall be deemed to have fully and forever released, relinquished and discharged the Released Claims of the Class against each and every of the Defendant Released Parties.  This release shall be construed as broadly and as generally as possible as permitted by law.

11

(b)    Release of Class and Class Representatives. Upon the Effective Date, each and every one of the Defendant Releasing Parties shall be deemed to have fully and forever released, relinquished and discharged the Released Claims of Defendants against each and every of the Class Released Parties. This release shall be construed as broadly and as generally as possible as permitted by law.

(c)    This Settlement Agreement covers and includes all claims of every kind and nature, past, present, known and unknown, suspected or unsuspected, which the Class Releasing Parties and the Defendant Releasing Parties may have against each other whether or not related to or arising out of the allegations of the Litigation.

(d)    Upon and after the Effective Date, each Class Representative and WARN Class Member agrees that if any court, government agency, tribunal, or adjudicative body assumes jurisdiction over any Released Claim of the Class, then such WARN Class Member, at his or her own cost, will take all reasonable actions to ensure that the court, government agency, tribunal, or adjudicative body dismisses the matter with prejudice and will indemnify and hold harmless Defendants for any liability related thereto.

28.   Denial and No Admission of Liability.

Defendants believe that the Class Representatives' factual and legal allegations are incorrect and specifically deny all liability to the Class Representatives and the WARN Class Members. Defendants have raised a number of defenses to the claims asserted in the Litigation.

The Settling Parties understand and agree that, by entering into this Settlement Agreement, Defendants expressly deny all of the claims asserted in the Litigation as to liability, damages, penalties, interest, fees, restitution, and any and all other forms of relief as well as the class action allegations. Neither the contents nor the existence of this Settlement Agreement may be admitted into evidence in the Litigation or in any other action or proceeding, except as may be required to: (a) approve, implement, or enforce this Settlement Agreement; (b) support or defend this Settlement Agreement on any appeal from the Judgment; or (c) enforce or assert a claim of *res judicata*, collateral estoppel, claim or issue preclusion,

settlement, release, merger, bar, or any similar claim or defense against a WARN Class Member.

This Settlement Agreement may not serve as evidence that Defendants have admitted liability to any WARN Class Member or any other person or entity on any ground.

If this Settlement Agreement does not become effective by its terms, Class Representatives and Class Counsel expressly understand and agree that Defendants retain and reserve the right to challenge all claims and allegations in the Litigation upon all legal, procedural, and factual grounds, and Class Representatives and Class Counsel agree not to take a position that this right has been waived in any manner whatsoever.

## APPROVAL, NOTICE, AND OPT-OUTS

29. Preliminary Approval

The Class Representatives shall file a motion, which Defendants shall not oppose, for approval of this settlement with the Court pursuant to Federal Rule of Civil Procedure 23 ("Unopposed Motion") requesting an order: (i) certifying the Class for settlement purposes only; (ii) granting preliminary approval of the terms of this Settlement Agreement for class action settlement purposes; (iii) approving the form and manner of notices to all potential WARN Class Members; and (v) scheduling a Fairness Hearing date approximately forty-five (45) calendar days after the Preliminary Approval Date, subject to the Court's availability.

30. Class Notices

Class Notices shall provide all potential WARN Class Members with notice of the terms of this Settlement Agreement and the date of the Fairness Hearing, and the procedure for becoming an Opt Out of the WARN Class, or objecting to this Settlement Agreement. Within ten (10) calendar days of the Preliminary Approval Date, at the sole cost of Class Counsel, Class Counsel shall mail a Class Notice to each Class Representative and potential WARN Class Member at his or her last address of record.

31. Objections and Statements of Intent to Appear

The Class Notices shall provide that any WARN Class Member who wishes to object to the entry of the Order of Final Approval and Judgment must do so in writing, specifying his/her objections in detail and including any and all supporting

documents. Written objections and any statement of intent to appear at the Fairness Hearing must be sent so as to be actually received at least fifteen (15) business days before the date of the Fairness Hearing by the Clerk of Court for the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801 ("Clerk of Court"), and: (1) Class Counsel, Klehr Harrison Harvey Branzburg L.L.P., 1835 Market Street, Philadelphia, PA 19102-5003, Attn: Charles A. Ercole, Esq.; and (2) counsel for Defendants, Bracewell & Guiliani, 1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100 Attn: Michael C. Hefter and Daniel S. Meyers (collectively, the "Notice Parties"). Any objection of a WARN Class Member that is not received timely shall be barred from seeking review of the settlement by appeal or otherwise.

The filing of a statement of intent to appear does not guarantee the right to enter an appearance or participate at the Fairness Hearing. The Court alone will determine which, if any, WARN Class Members will be permitted to appear at and participate in the Fairness Hearing.

32. <u>Responses</u>

Class Representatives, Defendants, and Class Counsel may file responses to any objection with the Clerk of Court no later than ten (10) business days before the Fairness Hearing.

33. <u>Opt-Outs</u>

Only WARN Class Members (i.e., persons within the WARN Class who do not timely become an Opt Out pursuant to the procedures set forth herein) shall be entitled to be deemed a party to this Settlement Agreement and receive distributions hereunder. Completed opt-out forms must be sent so as to be received by Class Counsel and counsel for Defendants at the addresses indicated in paragraph 31, no later than ten (10) business days prior to the Fairness Hearing. Any Opt-Out shall retain his or her rights against Defendants and shall not be deemed to be a party to this Settlement Agreement.

34. <u>Defendants' Option to Terminate</u>

If the gross amount of claims against Defendants held by the Opt-Outs is greater than twenty percent (20%) of the Common Fund, Defendants, in their sole and absolute discretion, shall have the right to terminate, cancel and withdraw from this Settlement Agreement (the "Opt-Out Termination Right"); provided that Class Counsel must receive from Defendants, no later than five (5) calendar days prior to

the Fairness Hearing, written notice that Defendants are electing to exercise the Termination Right.

35.    Fairness Hearing

In the Unopposed Motion, the Class Representatives shall request that the Court schedule the Fairness Hearing for a date forty-five (45) days after the Preliminary Approval Date, subject to the Court's availability.    Prior to the Fairness Hearing and consistent with any orders of the Court: (a) the Class Representatives shall move the Court for entry of the Order of Final Approval (and the associated entry of Judgment), which motion Defendants will not oppose; and (b) Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.    To the extent possible, the motion seeking entry of the Order of Final Approval and Judgment shall be noticed for the same day as the Fairness Hearing.    The Settling Parties shall use commercially reasonable efforts to secure entry of the Order of Final Approval and Judgment.

36.    Dismissal With Prejudice of First Action

Within five (5) business days of the Final Order, the Settling Parties shall jointly file, or Plaintiffs shall file a Request for Dismissal of the First Action and/or any other documents as the Third Circuit or the Court may require to dismiss the First Action with prejudice.    Defendants shall not oppose this relief requested.

## MISCELLANEOUS PROVISIONS

37.    Complete Agreement

This Settlement Agreement constitutes the entire agreement and understanding of the Settling Parties, and merges and supersedes any and all prior agreements or understandings (whether written or oral) between them regarding the subject matter set forth herein.    No representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than those set forth herein.    No Settling Party shall be bound by any condition, definition, warranty, or representation other than those expressly set forth herein.

38.    Execution of Counterparts

This Settlement Agreement may be executed in one more counterparts, but each and every executed counterpart shall be deemed to be part of the same instrument.    Delivery of an executed signature page of this Settlement Agreement

by facsimile transmission shall be effective as delivery of a manually executed counterpart hereof. All exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated into this Settlement Agreement by this reference.

39.   Authority

Each undersigned individual represents and warrants that he or she has authority to execute this Settlement Agreement and all related documentation on behalf of the persons or entities listed by such signatory's signature block. Class Counsel represents and warrants that they are expressly authorized by the Class Representatives to take all necessary and appropriate action required or permitted to be taken by the WARN Class Members pursuant to this Settlement Agreement, and that they are expressly authorized to enter into any modifications or amendments to this Settlement Agreement that they deem to be appropriate.

40.   Binding Effect

The Settling Parties represent that they have read this Settlement Agreement, that they know, understand, and fully appreciate their rights and responsibilities under this Settlement Agreement, and that they have voluntarily executed this agreement with the intent to be bound by its terms and conditions. The Settling Parties further state that they have been represented by counsel of their own choosing in this matter, and that they have had a full and reasonable opportunity to consult with this counsel prior to entering into this Settlement Agreement.

This Settlement Agreement shall be binding upon, and inure to the benefit of, the Settling Parties as well as their respective heirs, transferees, executors, administrators, personal representatives, legal representative, agents, attorneys, predecessors, successors, and assigns.

This Settlement Agreement is not designed to create, and in fact does not create, any third-party beneficiaries.

41.   Ownership

Each Class Representative and each WARN Class Member represents and warrants that he or she is the sole legal and beneficial owner of the claims asserted by him or her in the applicable Litigation.

42.   Cooperation

The Settling Parties recognize and acknowledge their shared intent to consummate this Settlement Agreement. As such, the Settling Parties agree to use commercially reasonable efforts to cooperate with one another to: (a) seek the Court's approval of this Settlement Agreement, including through obtaining any further assurances or additional instruments that are necessary to confirm and accomplish the purposes of this Settlement Agreement; (b) obtain entry of the Order of Final Approval and Judgment and for such order and judgment to become a Final Order; (c) dismiss the First Action with prejudice in accordance herewith; (d) defend against any appeal from the Judgment; and (e) prosecute any appeal from the denial of approval of the settlement - provided that Defendants are not obligated to take any affirmative position with respect to any class certification, attorneys' fees, costs, disbursements, or incentive payments awarded or not awarded by the Court, or with respect to the apportionment and allocation of payments among the WARN Class Members.

43.    Amendment or Modification of the Agreement

This Settlement Agreement may not be altered, amended or modified except by written instrument executed by or on behalf of all Settling Parties.

44.    Settlement Discussions

This Settlement Agreement is part of a proposed settlement of disputes. Nothing herein shall be deemed to be an admission of any kind. Pursuant to Rule 408 of the Federal Rules of Evidence, and any applicable state rules of evidence, this Settlement Agreement and the documents and negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Settlement Agreement.

45.    Invalidity

If one or more provisions of this Settlement Agreement are, for any reason, rendered invalid, illegal, or unenforceable, in whole or in part, the remaining provisions of this Settlement Agreement shall continue in force and effect.

46.    Negotiation and Drafting of the Agreement and Rules of Construction

The Settling Parties agree that they have equal bargaining power and that they negotiated this Settlement Agreement at arm's length. Class Counsel and counsel for Defendants drafted this Settlement Agreement jointly. None of the Settling Parties shall have any term or provision construed against such Settling Party solely by reason of such party having drafted the same. The language of all

parts of this Settlement Agreement shall be construed as a whole and according to the fair and reasonable meaning of the terms used, and shall not be construed for or against any party. Any canon of contract interpretation that leads to a contrary result shall not be applied in interpreting this Settlement Agreement.

47. <u>Reliance on Information</u>

Each Settling Party has conducted and is relying upon his, her, or its own investigation, counsel, and advisors in entering into this Settlement Agreement, and waives the right to assert any claim of fraud in the inducement related to the decision to enter into this Settlement Agreement.

48. <u>Continuing Jurisdiction</u>

The Court shall retain exclusive jurisdiction to implement and enforce the terms of this Settlement Agreement. The Settling Parties submit to the continuing and exclusive jurisdiction of the Court for these purposes.

49. <u>Attorneys' Fees, Costs, and Expenses; Taxes</u>

Except as otherwise explicitly provided herein, each Settling Party and Class Member shall bear its own attorneys' fees, costs and expenses. Additionally, except as otherwise explicitly provided herein, Class Representatives, Class Members, and Class Counsel shall each be responsible for the timely payment of all federal, state, local, and foreign taxes owed on any payments received pursuant to this Settlement Agreement.

50. <u>Choice of Law</u>

This Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Delaware. As such, the Settling Parties' rights and obligations shall be construed and enforced in accordance with and governed by the laws of the State of Delaware, without giving effect to that State's choice of law principles.

[SIGNATURE PAGES BELOW]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused this Settlement Agreement to be executed.

DATED: _____, 2013     By: _____
                                  Monte Woolery


DATED: _____, 2013     By: _____
                                  Linda Jarvis


DATED: _____, 2013     By: _____
                                  Sara Villanueva


DATED: _____, 2013     By: _____
                                  Tysha Marie Smith


DATED: _____, 2013     By: _____
                                  Jacque S. Wood


DATED: _____, 2013     By: _____
                                  Kurt Glen


DATED: _____, 2013     By: _____
                                  Craig L. Moore


19

DATED: _____, 2013  By: _____
               Wayne E. Brown


DATED: _____, 2011  By: _____
               Shawn A. Mixon


DATED: _____, 201  By: _____
               Stephen R. Porter


DATED: _____, 2013  By: _____
               Stephanie Linn Seawall


DATED: _____, 2013  By: _____
               Roxanna Kipp


DATED: _____, 2013  By: _____
               Javier Enriquez


DATED: _____, 2013  By: _____
               Ivette Riojas


DATED: _____, 2013  By: _____
               Rick Ostdiek

DATED: _____, 2013     By: _____
                                  Laverne D. Loeffelholz


DATED: _____, 2013     By:_____
                                  Simona Vaipan


DATED: _____, 2013     By:_____
                                  Matt Wilson


DATED: _____, 2013     By:_____
                                  Roxana Najera


DATED: _____, 2013     By: _____
                                  Charles A. Ercole
                                  David S. Eagle
                                  Lee D. Moylan
                                  Class Counsel


FOR Defendants:


                                  MatlinPatterson Global Advisers LLC

DATED: _____, 2013     By: _____
                                  Robert H. Weiss, Esq.
                                  General Counsel


21

MatlinPatterson Global Opportunities
Partners II LP, by its investment
manager,  MatlinPatterson Global
Advisers LLC

DATED: _____, 2013          By:_____
                                        Robert H. Weiss, Esq.
                                        General Counsel

                                        MatlinPatterson Global
                                        Partners II LLC

DATED: _____, 2013          By:_____
                                        Robert H. Weiss, Esq.
                                        General Counsel

                                        MatlinPatterson PE Holdings LLC

DATED: _____, 2013          By:_____
                                        Robert H. Weiss, Esq.
                                        General Counsel