# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Monte J. Woolery, et al. <br> Individually and as Class Representatives, <br><br> Plaintiffs, <br><br> vs. <br><br> MatlinPatterson Global Advisers, LLC, et al., <br><br> Defendants. | Civil Action <br><br> C.A. No. 1:12-cv-00726 (RGA) |

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT

Upon considering the Unopposed Motion for Preliminary Approval of Settlement (the "Motion") of the Plaintiffs in the above-captioned action seeking, *inter alia*, an Order that (1) certifies the Class for settlement purposes only; (2) grants preliminary approval of the settlement terms outlined in the settlement agreement (the "Settlement Agreement") that the parties have negotiated, which is attached to the Unopposed Motion as Exhibit A; (3) approves the form and manner of notice to class members; and (4) schedules a final fairness hearing for review and final approval of the settlement terms outlined in the Settlement Agreement to take place approximately forty five (45) days after the Preliminary Approval Date, the Court finds as follows:

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as provided herein.

2. The Court hereby tentatively certifies, for settlement purposes only, the WARN Class. The Court recognizes that this Class likely meets all of the

requirements for class certification under Federal Rule of Civil Procedure ("Federal Rule") Rules 23(a)(1)–(4) and (b)(3). To the extent that the Settlement Agreement is not finally approved or otherwise does not become effective, Defendants retain all rights to challenge the certification of the Class notwithstanding the tentative certification contained herein. The WARN Class is defined as follows:

> Former employees of Premium Protein Products, LLC and/or PPP Holdings LLC (together "Premium"), who were employed by Premium, and who became "affected employees" under the WARN Act because they suffered "employment losses" as a direct and proximate result of the furloughs, permanent plant closings and/or mass layoffs on June 10, 2009 and/or November 10, 2009, and who did not receive 60-days notice under the WARN Act of said furloughs and permanent plant closing.

3. Each member of the WARN Class who does not Opt Out of the Settlement Agreement shall be hereinafter referred to as a "WARN Class Member." The law firm of Klehr Harrison Harvey Branzburg, LLP is appointed to be Class Counsel for the WARN Class.

4. The named plaintiffs, Monte J. Woolery, Tysha Marie Smith, Jacque S. Wood, Kurt Glen, Craig L. Moore, Wayne E. Brown, Shawn A. Mixon, Stephen R. Porter, Stephanie Linn Seawall, Roxanna Kipp, Javier Enriquez, Ivette Riojas, Rick Ostdiek, Laverne D. Loeffelholz, Simona Smaranda Vaipan, Matt Wilson, and Roxana Najera are appointed to be Class Representatives.

5. The Settlement Agreement is approved as fair and reasonable under Federal Rule of Civil Procedure Rule 23 and, subject to ultimate approval at the Fairness Hearing scheduled herein, the Settlement Agreement is preliminarily approved for class action settlement purposes.

6. Notice in the form proposed in the Motion and the Brief in Support and attached to the Settlement Agreement as Exhibit 1 shall be served by first class mail, postage prepaid, to each potential WARN Class Member at his or her last known address. This form of notice is reasonably and probably calculated, under all of the circumstances, to apprise the potential WARN Class Members of the settlement and their rights to opt out or object to it and to attend the Fairness Hearing, consistent with the due process requirements under the United States Constitution and Federal Rule 23(c)(2)(B) and 23(e).

7. Class Counsel shall mail this notice to all potential class members within 10 days of the date of this Order.

8. Within 10 days after mailing this notice, Class Counsel shall file and serve a statement under oath constituting proof of such mailing.

9. All potential WARN Class Members must file any objections or elect to opt out of the class on or before *November 1*, 2013.

10. Within 10 days after the opt-out deadline has expired, Class Counsel shall file and serve a statement under oath listing the names of all potential class members who elected to opt out of the WARN Class.

11. The Parties shall file any responses to any objections filed by a potential WARN Class Members on or before *November 15*, 2013.

12. The Class Representatives and/or Class Counsel shall be responsible for sending any and all legally mandated notices of the settlement, including those required under 28 U.S.C. § 1715(b).

13. The Court shall hold a Fairness Hearing, at which it shall consider whether to grant final approval to the settlement, on December 17, 2013 at 10 a.m. The Court shall hear any objections to the settlement at this time.

IT IS SO ORDERED.

DATED: September 25, 2013

The Honorable Richard G. Andrews
United States Court Judge for the District of Delaware